

FILED
CLERK, U.S. DISTRICT COURT

OCT 27 2016

CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>OMAR RAMIREZ,<br>Defendant. | Case No. CR16-2141M<br>ORDER OF DETENTION |

I.

Defendant was arrested in this district pursuant to a warrant issued by the United States District Court for the Northern District of Illinois, based on an indictment issued in case No. 15CR485 charging Defendant with conspiracy to possess with intent to distribute cocaine and heroin in violation of 21 U.S.C. §§ 841(a)(1) and 846. In addition to the conspiracy charge, Defendant is also charged in Count Four with possessing with intent to distribute more than one kilogram of heroin in the Northern District of Illinois in August 2014.

At Defendant's request, the initial appearance was continued from October 26, 2016 to October 27, 2016. The Court conducted a detention hearing on October 27, 2016:

☒ On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving a narcotics or controlled substance offense with maximum sentence of ten or more years.

☒ On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government is entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

II.

The Court finds that no condition or combination of conditions will reasonably assure: ☒ the appearance of the defendant as required.
☒ the safety of any person or the community.

III.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community. [18 U.S.C. § 3142(g)] The Court also considered the report and recommendation of the U.S. Pretrial Services Agency.

### IV.

The Court bases its conclusions on the following:

As to risk of non-appearance:
- ☒ Unrebutted presumption [18 U.S.C. § 3142(e)(2)]
- ☒ Unemployed
- ☒ Frequent and recent travel to Mexico
- ☒ Defendant's flight from agents upon arrest.

As to danger to the community:
- ☒ Allegations in present charging document
- ☒ Unrebutted presumption [18 U.S.C. § 3142(e)(2)]
- ☒ Criminal History includes arrests in 2013 and 2014 for assault and possession of heroin in the Northern District of Illinois.
- ☒ substance abuse – defendant reports daily Marijuana use

## V.

☐ The Court finds a serious risk that the defendant will

    ☐ obstruct or attempt to obstruct justice.

    ☐ threaten, injure or intimidate a prospective witness or juror, or attempt to do so.

## VI.

According to the Pretrial Services Report, defendant fled from his residence when agent attempted to arrest him, Agents subsequently recovered 15 kilograms of cocaine and a loaded AK-47 rifle on the ground by a fence that Defendant jumped over. Agents subsequently found Defendant at a barbershop and Defendant fled across four lanes of traffic and four blocks before he was apprehended. In addition, a loaded handgun was found on Defendant's bed.

In addition to the factors noted above, the Court finds that defendant's release will pose both a flight risk and a danger to others and the community.

IT IS THEREFORE ORDERED that the defendant be detained until trial. The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal

for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i)]

Dated: October 27, 2016           /s/
                                             ALKA SAGAR
                                   UNITED STATES MAGISTRATE JUDGE